IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 15-22 |
| RICHARD HERRERA,<br>a/k/a German Suarez-Arzon,<br>a/k/a Hiram Miguel Santana-Cintron,<br>a/k/a Jose Manuel Diaz Rafael | |

**PAPPERT, J.** February 12, 2018

## MEMORANDUM

On November 6, 2014, a grand jury returned a one count indictment against German Suarez-Arzon (also known as Richard Herrera) charging him with reentry into the United States after deportation. (Crim. No. 14-604, ECF No. 1.) He pled guilty, without a plea agreement, on April 2, 2015 before Judge Slomsky. (Crim. No. 14-604, ECF No. 17.) The investigation into Herrera's illegal reentry led to a subsequent indictment in which Herrera was charged with possession with intent to distribute 100 grams or more of heroin. (Crim. No. 15-22, ECF No. 1.) On June 22, 2015, Herrera pled guilty to this charge, pursuant to a plea agreement, in this Court.[1] (Crim. No. 15-22, ECF No. 36.)

On July 16, 2015, the reentry case was transferred to this Court and consolidated for sentencing with the drug case. (Crim. No. 14-604, ECF No. 25.) On September 30, 2015, the Court sentenced Herrera to 132 months' imprisonment, 8

---

[1] The Guilty Plea Agreement contained an appellate waiver to which there were six exceptions, one of which allowed Herrera to appeal the Court's prior decision to deny his motion to suppress physical evidence. (Crim. No. 15-22, Guilty Plea Agreement ¶ 10(b)(5), ECF No. 37.) Herrera appealed that decision (Crim. No. 15-22, ECF No. 44) and the Third Circuit affirmed (Crim. No. 15-22, ECF No. 49).

1

years supervised release and a $200 special assessment. (Crim. No. 15-22, ECF No. 43.) Herrera subsequently filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging that the Court imposed an above guideline sentence on the drug offense and that his counsel, Michael Engle, was ineffective in failing to object to the sentence.[2] (Mot. at 5–6, Crim. No. 15-22, ECF No. 50.) The United States responded (Opp., ECF No. 52) and the Court denies the Motion for the reasons that follow.

I

A district court may vacate a petitioner's sentence if it finds that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the [defendant] as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). The petitioner bears the burden of proving that his conviction is illegal. *United States v. Davies,* 394 F.3d 182, 189 (3d Cir. 2005). Further, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *See United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (quoting *United States v. Frady,* 456 U.S. 152, 166 (1982)).

A

Herrera pled guilty to the narcotics charge pursuant to a Guilty Plea Agreement in which he waived his appellate rights, with certain exceptions. (Guilty Plea Agreement ¶ 10(a)-(b).) Two of the exceptions allowed Herrera to appeal his sentence if the Court departed or varied upward above the sentencing guideline range and another

---

[2]    Herrera filed the Motion pertaining to the narcotics offense under the case number for the reentry offense. The Motion was subsequently transferred to the correct docket (Crim. No. 15-22).

allowed Herrera to claim that counsel was constitutionally ineffective. (*Id.* ¶ 10(b)(2), (3), (4).) As the basis for his Motion, Herrera believes that the total offense level for his drug conviction was 21 which, when applied to a criminal history category of III, would have established a guideline range of 46 to 57 months' imprisonment. (Mot. at 4.) Herrera is simply mistaken. The Court will nonetheless evaluate Herrera's claim because his allegation that his sentence was above the guideline range, if true, would fall within an exception to his appellate waiver.

B

In his reply brief, Herrera attached a one-page document which appears to be the offense level computation from the Presentence Investigation Report (PSR) solely for his *reentry* offense, showing that the total offense level was 21. (Reply, ECF No. 53.) He relies on this computation to argue that this offense level of 21, when applied to his drug conviction, should have dictated a sentencing guideline range of 46 to 57 months' imprisonment. He contends from there that his 132 month sentence constituted a departure or variance above the advisory sentencing range. Herrera is wrong.

Herrera and the Government jointly moved to consolidate the illegal reentry and drug convictions for sentencing. (Crim. No. 14-604, ECF No. 24.) The PSR for the combined offenses established a total offense level of 29 which, when applied to Herrera's criminal history category of III, resulted in an advisory sentencing guideline range of 108 to 135 months' imprisonment. (PSR, at 15.) Because Herrera admitted to distributing more than 500 grams of heroin after conviction for another felony drug distribution offense, he faced a mandatory sentence of 120 months, making the advisory guideline sentencing range 120-135 months. (*Id.*)

At his sentencing, the Court made clear that Herrera was being sentenced on both convictions—that for illegal reentry (Crim. No. 14-604) and the narcotics conviction (Crim. No. 15-22). (Hr'g Tr., Sept. 30, 2015, 4:16-20, ECF No. 48.) The Court explained that the adjusted offense level for the reentry count was 24 (*id.* 10:17-20) and the adjusted offense level for the narcotics count was 30 (*id.* 11:21-24). The Court further explained the multiple count adjustment calculation and arrived at a total offense level of 29, consistent with the calculation in the PSR. (*Id.* 13:15-19.) Finally, the Court reviewed Herrera's criminal history and explained that the criminal history category of III with a total offense level of 29 and a statutory minimum on the drug charge established the advisory sentencing guideline range of 120 to 135 months' imprisonment. (*Id.* 14:12-19.) There were no objections to the calculation. (*Id.* 14:20-25.) The Court also reminded Herrera of his appellate waiver and its exceptions. (*Id.* 66:18-67-9.) Inasmuch as Herrera's sentence was within the advisory guideline range, he has no basis to attack it.

C

Herrera contends that his counsel was ineffective for failing to object to the sentence that was "outside the guideline range" without an explanation from the Court for its decision to "impose an excessive sentence." (Mot. at 5.) The Supreme Court's two-part test in *Strickland* governs claims for ineffective assistance of counsel. "To succeed on such a claim, the petitioner must demonstrate (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that the petitioner suffered prejudice as a result of the deficiency." *Blystone v. Horn*, 664 F.3d 397, 418 (3d Cir. 2011) (citing *Strickland*, 466 U.S. at 687)). With

4

respect to *Strickland*'s first prong, there is a "strong presumption" that counsel's performance was not deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). With respect to prejudice, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To make this showing, the "[d]efendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Herrera is unable to show that his counsel's performance was deficient. Herrera's sole allegation is that his counsel failed to object and file an appeal because of the Court's imposition of an above guideline sentence without an explanation on the record. (Mot. at 5.) As explained *supra* Section I(B), the Court did not do so and Herrera's claim lacks merit.

II

When a district court denies a Section 2255 motion, a petitioner may only appeal if the district court grants a certificate of appealability. 28 U.S.C § 2253. Section 2253 "permits the issuance of a [certificate of appealability] only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Herrera must therefore "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Since no reasonable jurist would disagree with the Court's assessment of Herrera's

5

claims, no certificate of appealability will issue. *See id.*

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.